UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ARLEN LITTLE<br>512 South Court Street<br>Au Gres, MI 48703 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | **PLAINTIFF'S COMPLAINT** |
| vs. | )<br>)<br>) | (Jury Demand Endorsed Herein) |
| GLOBAL SHAFT DRILLING<br>SERVICES, LLC<br>c/o Joseph E. Swiger<br>134 Distributor Drive<br>Morgantown, WV 26501 | )<br>)<br>)<br>)<br>) | |
| Defendant. | | |

Now comes Plaintiff, Arlen Little, by and through counsel, and for a Complaint against Defendant Global Shaft Drilling Services, LLC, states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff also brings this lawsuit as a result of Defendant's termination of Plaintiff after he engaged in the protected activities of complaining to management about unlawful wage practices and speaking with an attorney, in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.13.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction of the state law claims raised hereunder, without limitation, 28 U.S.C. § 1367, as such claims relate to the federal claims that form a part of the same case.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred in Montgomery County, Ohio, within this District and Division.

6. Plaintiff was also employed in Montgomery County, Ohio, within this District and Division.

**PARTIES**

7. At all times relevant herein, Plaintiff was a citizen of the United States.

8. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01-99.

9. At all times relevant herein, Defendant conducted business in Montgomery County and employed Plaintiff in Montgomery County.

10. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C. §§ 4111.01-99.

11. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS
**(Failure to Pay Overtime Compensation)**

14. Plaintiff was employed by Defendant, an oil and energy company, between approximately March 14, 2015 and May 16, 2015.

15. During Plaintiff's employment with Defendant, Defendant employed Plaintiff as a Floor Hand Driller, paid him a salary wage, and classified him as "exempt" from the FLSA's overtime requirements.

16. As a Floor Hand Driller, Plaintiff did not manage two or more employees.

17. As a Floor Hand Driller, Plaintiff's primary duty was not engaging in management.

18. As a Floor Hand Driller, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

19. As a Floor Hand Driller, Plaintiff worked over 40 hours per week, but Defendant failed to pay Plaintiff overtime compensation for the hours he worked over 40 each workweek.

20. Plaintiff estimates that he worked approximately 350 overtime hours during the period between March 14, 2015 and May 16, 2015.

21. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the hours he worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

22. Defendant failed to make, keep and preserve accurate records of all of the hours worked by Plaintiff.

23. As a result of Defendant's record-keeping practices, the overtime work performed by Plaintiff is unrecorded in Defendant's time and earnings records.

**(Retaliation)**

24. In or around April 2015, Plaintiff engaged in the protected activity of complaining to his supervisor, Jim Baeth, about his unpaid overtime and questioning his classification status under the FLSA.

25. Plaintiff subsequently engaged in the protected activity of contacting a law firm to inquire about his FLSA rights.

26. Plaintiff then informed Mr. Baeth that he contacted a law firm to inquire about his rights under the FLSA.

27. Mr. Baeth told Plaintiff not to mention anything else about speaking to a lawyer because manager Robert "Joe" Schumm would fire anyone who complained about not being paid overtime.

28. A few weeks after Plaintiff's conversation with Mr. Baeth about Plaintiff contacting a lawyer, Mr. Baeth informed Plaintiff that he was fired because Mr. Schumm found out Plaintiff had spoken to a lawyer and instructed Mr. Baeth to terminate Plaintiff's employment.

29. Defendant terminated Plaintiff's employment in May 2015 because he complained about his classification status under the FLSA, and because he informed Defendant that he had spoken to a lawyer about obtaining overtime pay.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

32. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 CFR 516.2(a)(7).

33. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received overtime due to his pursuant to the FLSA.

## COUNT TWO
### (Fair Labor Standards Act Retaliation)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant was aware of Plaintiff's engagement in protected activity.

37. As a result of Plaintiff engaging in the protected activities of complaining about not being paid overtime and speaking with a lawyer about obtaining overtime pay, Defendant retaliated against Plaintiff by terminating his employment.

38. Plaintiff was qualified for his position of Floor Hand Driller.

39. Defendant's retaliatory conduct was engaged in recklessly, maliciously, and intentionally.

40. As a result of Defendant's retaliatory conduct, Plaintiff's rights under 29 U.S.C. § 215(a)(3) were violated, and Plaintiff has a remedy under 29 U.S.C. § 216(b).

## COUNT THREE
### (Ohio Minimum Fair Wage Standards Act Retaliation)

5

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. As a result of Plaintiff engaging in the protected activities of complaining about not being paid overtime and speaking with a lawyer about obtaining overtime pay, Defendant retaliated against Plaintiff by terminating his employment.

43. Plaintiff was qualified for his position of Floor Hand Driller.

44. Defendant's retaliatory conduct was engaged in recklessly, maliciously, and intentionally.

45. As a result of Defendant's retaliatory conduct, Plaintiff's rights under § 4111.13(B) were violated, and Plaintiff has a remedy under O.R.C. § 4111.14.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff monetary damages for lost front pay and back pay caused by Defendant's retaliatory conduct;

D. Award Plaintiff liquidated damages caused by Defendant's retaliatory conduct;

E. Award Plaintiff compensatory damages for emotional distress caused by Defendant's retaliatory conduct;

F. Award Plaintiff punitive damages for Defendant's willful retaliatory conduct;

G. Award Plaintiff statutory damages under the OMFWSA of not less than one hundred fifty dollars for each day since the retaliation has occurred;

H. Award Plaintiff pre- and post-judgment interest at the statutory rate;

I.	Award Plaintiff attorneys' fees, costs, and disbursements; and

J.	Award Plaintiff further and additional relief as this Court deems just and proper.

                Respectfully submitted,

                 /s/ David J. Steiner
                David J. Steiner (0075217)
                Anthony J. Lazzaro (0077962)
                The Lazzaro Law Firm, LLC
                920 Rockefeller Building
                614 W. Superior Avenue
                Cleveland, Ohio 44113
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                david@lazzarolawfirm.com
                anthony@lazzarolawfirm.com
                Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                 /s/ David J. Steiner
                One of the Attorneys for Plaintiff