UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Arlen Little,

        Plaintiff,                          Case No. 3:16-cv-067

v.                                            Judge Thomas M. Rose

Global Shaft Drilling Services, LLC,

        Defendant.
_____

**ENTRY AND ORDER DENYING MOTION TO APPROVE SETTLEMENT (Doc. 11).**
_____

Pending before the Court is the Parties' Joint Motion to Approve Settlement Under the Fair Labor Standards Act. Doc. 11. Therein, the Parties request the Court to approve a settlement containing confidentiality provisions under seal.

> "In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Rodriguez v. El Polio Regio, Inc*., 2012 WL 5506130, at *1 (N.D. Tex. Feb.23, 2012) (Fitzwater, C.J.) (quoting *Prater v. Commerce Equities Mgmt. Co*., 2008 WL 5140045, at *9 (S.D. Tex. Dec.8, 2008) (Rosenthal, J.)). "[T]he overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Id.* (quoting *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Id.* (quoting *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug.12, 2009) (Rosenthal, J.)).

*Parrish v. Defender Sec. Co.*, 2013 WL 372940, *1 (N.D. Tex. 2013). See also *Owino v. IBM Corp.*, 2013 WL 2947146, *2 (M.D.N.C. 2013); *Gamble v. Arpaio*, 2013 WL 142260, *4 (D. Ariz. 2013); *Altenbach v. Lube Center, Inc.*, 2013 WL 74251, *2 -3 (M.D. Pa. 2013); *Nava v. Ornelas Mexican Restaurant, Inc.*, 2013 WL 2248052, *3 n.4 (N.D. Ala. 2013); *Perry v. National City Bank*, 2008 WL 427771 (S.D. Ill. 2008); *Peralta v. Soundview at Glen Cove, Inc.*, 2013 WL 2147792, *1 (E.D.N.Y. 2013); *Prescott v. Prudential Ins. Co. of America*, 2011 WL 6662288, *1 (D. Me. 2011); *Hivner v. Active Electric Inc.*, 3:12-cv-001, Doc. 29 (S.D. Ohio July 25, 2013)(Rose, J.).

In the instant case, the Parties have not put forward an extraordinary reason justifying the confidentiality provisions contained in the settlement. Absent the showing of such an extraordinary circumstance, the Court cannot approve the proposed settlement. Wherefore, the Parties' Joint Motion to Approve Settlement Under the Fair Labor Standards Act, Doc. 11, is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, May 27, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE