## CONFIDENTIAL SETTLEMENT AGREEMENT, WAIVER AND RELEASE

This Confidential Settlement Agreement, Waiver and Release (the "Agreement") is entered into between Global Shaft Drilling Services, LLC of 134 Distributor Drive, Morgantown, WV 26501 ("Global"), and Arlen Little, of 512 South Court Street, Au Gres, MI 48703 ("Little") (collectively, the "Parties").

## RECITALS

WHEREAS, Little filed a lawsuit against Global for alleged violations of the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA") that is captioned *Little v. Global Shaft Drilling Services, LLC* Case 3:16-cv-00067-TMR, Southern District of Ohio; and

WHEREAS, Global denies Little's allegations and denies any liability or wrongdoing of any kind; and

WHEREAS, the Parties, by and through their respective counsel and pending the Court's approval, reached an agreement to settle Little's claims and to fully resolve and settle all actual and potential, known or unknown, disputes between them on the terms set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties intending to be legally bound, hereby agree as follows:

## SETTLEMENT PAYMENTS AND DISTRIBUTION

1. **Total Settlement Payment.** The Total Settlement Payment is Twenty Thousand Dollars ($20,000.00) and includes (a) a payment to Little; and (b) a payment to Little's counsel for its fees and expenses.

2. **Breakdown of Settlement Proceeds.** Of the Total Settlement Payment, Global will pay Eleven Thousand Five Hundred Ninety ($11,590.00) to Little and will pay Eight Thousand Four Hundred Ten Dollars ($8,410.00) to Little's counsel, The Lazzaro Law Firm, LLC.

3. **Tax Treatment of Settlement Proceeds.** One-half of the amount to be paid to Little ($5,795.00) shall be attributable to Little's claim for unpaid overtime from which Global will deduct all applicable withholdings in accordance with Little's previously elected wage withholding instructions, and applicable tax laws. Global will report this amount on an IRS Form W-2. The remaining half of the amount to be paid to Little ($5,795.00) shall be attributable to Little's remaining claims, including his claims for retaliation and for liquidated damages. Global will report this amount on an IRS Form 1099. Global will issue separate checks to Little's counsel, which will distribute the settlement proceeds to Little. Little's counsel will provide an IRS Form W-9 with respect to its payment, and Global will issue Little's counsel an IRS Form 1099.

4. **Distribution Process.** Global will deliver the settlement proceeds to The Lazzaro Law Firm, LLC, 920 Rockefeller Building, 614 W. Superior Avenue, Cleveland, Ohio 44113 no

{B2586346.1}

later than ten days after the Court approves the proposed settlement. If the Court does not approve the settlement, Global shall not owe Little anything.

### Little's Waiver and Release of All Claims

5.      Little understands and agrees that by signing this Agreement, he gives up any and all rights to make any legal claim against or to sue Global or any of Global's affiliates, associated operations, parents, management companies, subsidiaries, partners, directors, officers, supervisors, employees, attorneys, and all of their predecessors and successors in interest. Global and each of the foregoing are collectively referred to as "Released Parties."

6.      In exchange for the settlement payments set forth above, Little, on behalf of himself and any other person who may be entitled to make a claim on his behalf, agrees to irrevocably and unconditionally waive, abandon, and release any and all claims of any kind that he has, or could have had, against the Released Parties, under all laws and in equity, from the beginning of the world to the date this Agreement is signed, whether known or unknown, and whether asserted or unasserted. This includes all injuries, claims, actions, and causes of action with respect to, arising out of, or sustained during employment or cessation of employment with the Released Parties, including, but not limited to, claims under: Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the ADEA and Older Workers' Benefit Protection Act ("OWBPA"); the National Labor Relations Act; the Americans with Disability Act; the Family Medical Leave Act; the Fair Labor Standards Act; Ohio Minimum Fair Wage Standards Act (OMFWSA); the Equal Pay Act; the Employee Retirement Income Security Act; the Civil Rights Act of 1866; the Genetic Information Non-Discrimination Act; any state or federal statute providing whistle-blower protection, including the Dodd-Frank law; any state equal employment opportunity or human rights law for wrongful discharge and/or breach of contract; based on a federal, state, or local statute, regulation, or ordinance arising in tort, including, but not limited to, invasion or privacy, defamation, fraud, and infliction of emotional distress; based on common law or public policy; and all claims under all other laws including the laws of contract or tort.

7.      Little agrees that, following his receipt of the settlement proceeds, he will have been fully compensated for all hours worked during his employment at Global.

### Non-Disclosure

8.      Little agrees not to disclose the terms of this Agreement to anyone, other than his spouse or his attorney, except to the extent disclosure is required for tax reporting purposes, or otherwise required by law. Little will advise any such persons that they are also bound by this Agreement's non-disclosure provision. Little understands and agrees that any disclosure in violation of this paragraph is a material breach of his obligations under this Agreement and could cause irreparable damage to Global. The Parties agree that this provision prevents Little from referring to this Agreement or its terms in any print or electronic medium including, but not limited to, newspapers, electronic mail, text messaging or social networking websites such as, but not limited to, Facebook, Twitter, Instagram, or LinkedIn. In the event that Global seeks relief from an alleged breach of this provision of the Agreement, all of the remaining provisions of this Agreement shall remain in full force and effect.

### No Admission

9.     This Agreement shall not be construed as an admission of wrongdoing or liability by Global.

## No Claims Filed/EEOC Rights Preserved

10.     Except as described below or as prohibited by law, Little agrees and covenants not to file any suit, charge or complaint against the Released Parties with any court or administrative agency, with regard to any claim arising out of his employment with Global or separation therefrom. Little further represents that he has filed no claims, complaints or charges against the Released Parties relating directly or indirectly to his employment with Global.

11.     Nothing in the Agreement shall be construed to prohibit Little from initiating or participating in an administrative proceeding with the Equal Employment Opportunity Commission ("EEOC") or other government agency charged with enforcement of employment laws, but Little waives all right to recover any monetary damages or equitable relief in connection with any such proceeding. This provision does not apply to claims that may arise after the date on which this settlement is approved by the Court, or to claims that cannot be waived by law.

## Miscellaneous

12.     **Entirety and Amendments and Governing Law.** This Agreement supersedes any prior agreements between the Parties and constitutes and contains the entire agreement and understanding between the Parties and may not be modified except by a writing signed by both Parties. This Agreement is to be construed under and governed by the laws of the state of Ohio, without reference to its conflicts of law provisions.

13.     **Acknowledgements.** Little acknowledges that he has been represented by counsel for the negotiation and settlement of this matter, and that he understands the terms of this Agreement, and is knowingly and voluntarily entering into it.

14.     **Invalid Provisions.** If any provision of this Agreement is held to be unenforceable by a Court, the remaining provisions shall remain in full force and said unenforceable part, term, or provision shall be deemed not to be a part of this Agreement.

15.     **Successors and Assigns.** The provisions hereof shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto as provided herein. Little's rights and obligations are not assignable or delegable.

16.     **Counterparts.**        This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Facsimile and .pdf signatures will suffice as original signatures.

17.     **Neutral Reference.** Global agrees to only provide information relating to Little's dates of employment with Global and the positions he held to any prospective future employer(s) that may contact Global seeking information about Little.

18.     **Non-disparagement.** Little agrees not to disparage the Released Parties or to take any action or make any comment that would harm the reputation or goodwill of Global. This

Agreement does not limit Little's right to participate fully and truthfully in any government investigation or proceeding.

     19.    **Mutual Cooperation.**  The Parties agree that they will work together in a timely fashion to obtain approval of the settlement and dismissal of the case from the Court.

**I HAVE READ THE FOREGOING RELEASE, AND FULLY UNDERSTAND ITS TERMS. I HAVE BEEN GIVEN REASONABLE TIME TO CONSULT WITH AN ATTORNEY ABOUT IT, AND I HAVE SIGNED IT KNOWINGLY AND VOLUNTARILY.**


Arlen little (May 20, 2016)
_____

Arlen Little


Date: May 20, 2016
_____


Global Shaft Drilling Services, LLC

By: _____

Title: _President_____

Date: _5/20/16_____