UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Arlen Little,

        Plaintiff,                       Case No. 3:16-cv-067

v.                                              Judge Thomas M. Rose

Global Shaft Drilling Services, LLC,

        Defendant.

**ENTRY AND ORDER APPROVING SETTLEMENT (DOC. 13).**

This matter is before the Court on the parties' Joint Motion for Approval of Settlement,[1] Doc. 13, which seeks the Court's approval of a confidential settlement agreement resolving Plaintiffs' claims. Because Plaintiffs' complaint includes claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Court approval is required. For the reasons that follow, the settlement will be approved and the parties' joint motion granted.

**I.    APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington–Fayette Urban Cnty. Gov*., 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202). The provisions of the FLSA are mandatory and, except in two

---

1 While it claims to be filed under seal, after the Court rejected an identical motion because it was under seal, the parties agreed to re-file the same motion not under seal.

narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.* *2.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). In class actions, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

**II.     ANALYSIS**

In the present case, Defendant misclassified Plaintiff as management and failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each work week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  Defendant also terminated Plaintiff after he complained to management about unlawful wage practices and speaking with an attorney, in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.13.  Plaintiff estimates that he is owed $12,628.00 in unpaid overtime.

After negotiations, the parties reached a settlement in the amount of $20,000.00.  Pursuant to a fee agreement with counsel, Little's attorneys will receive $8,000.00 in attorneys' fees (40% of the total settlement amount), and $410 as reimbursement for litigation expenses in this matter.  This equates to a total amount of $11,590.00 in FLSA compensation to be received by Little after deduction of his attorneys' fees and costs.

As the settlement provides Plaintiff the relief to which he is entitled under the Fair Labor Standards Act, the Court **APPROVES** the settlement of Plaintiff's claims under the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act and the Court **DISMISSES** the Complaint with prejudice.  The instant case is **TERMINATED** from the dockets of the United States District Court, Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 6, 2016.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE